OPINION OF THE COURT
Glenn G. Galbreath, J.
This matter came before the court on a simplified traffic information alleging that defendant, David S. Moore, violated section 1225-c (2) (a) of the Vehicle and Traffic Law prohibiting “operating] a motor vehicle upon a public highway while using a mobile telephone to engage in a call while such vehicle is in motion” when defendant was in the parking lot of the Community Corners shopping center in the Village of Cayuga Heights on November 11, 2002 at 5:00 p.m. Trial was held on June 7, 2003. The arresting officer, J.L. Wright of the Cayuga *341 Heights Police Department, was the only witness who testified. No exhibits were admitted.
After consideration of the evidence presented, the court makes the following findings of fact and conclusions of law and enters an order accordingly.
Findings of Fact
On November 11, 2002, at approximately 5:00 p.m., Officer Wright observed defendant, David S. Moore, driving a motor vehicle moving in a northeasterly direction within the parking lot of Community Corners. Community Corners is a privately owned shopping center next to Hanshaw Road within the Village of Cayuga Heights. Defendant was speaking on a mobile telephone while driving. Officer Wright stopped defendant’s vehicle on Hanshaw Road after defendant left the parking lot. Officer Wright did not observe defendant speaking on the telephone while defendant drove on Hanshaw Road. No evidence was presented refuting these facts.
While there was some cross-examination of the officer concerning his initial location, defendant’s use/nonuse of a seat belt, and the officer/defendant conversation after the stop, the court finds these issues unrelated to the elements of the charge and the officer’s testimony credible. The court finds beyond a reasonable doubt that on November 11, 2002 defendant operated a moving motor vehicle while using a mobile telephone to engage in a call while in a private parking lot within the Village of Cayuga Heights.
Conclusions of Law
The only remaining issue in this case is location — whether use of a mobile telephone while driving a motor vehicle is prohibited in a private parking lot. The court could find no case law directly answering this question.
Generally the Vehicle and Traffic Law regulates activity occurring “upon public highways, private roads open to public motor vehicle traffic and any other parking lot” (Vehicle and Traffic Law § 1100 [a]). And because there is an obvious risk of injuring pedestrians and property in parking lots, it would make sense for the Legislature to regulate simultaneous driving and telephone use in parking lots. But section 1100 (a) limits itself, inter alia, by adding “except where a different place is specifically referred to in a given section.” Therefore, if a traffic infraction statute specifically identifies the location(s) where the activity is prohibited, that statute controls and not section 1100’s broader definition of the locations.
*342 Section 1225-c (2) (a) has such a limitation and only prohibits simultaneous driving and mobile phone use if the driver is “upon a public highway.” Had the Legislature excluded this language, then phone use while driving would have been prohibited in the expanded locations set forth in section 1100— including “any parking lot.”
While on its face it appears that section 1225-c (2) does not apply in parking lots, there is a need to check to see if the law somehow reincorporates parking lots into the definition of public highways. First, there is a separate definition for “parking lots” found at Vehicle and Traffic Law § 129-b, but it does not bootstrap parking lots into public highways. Second, Vehicle and Traffic Law § 134 specifically defines a “public highway” as “[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way.” While shopping center parking lots appear to be open to the public and, thus, loosely fit into the public highway definition as a “public place” or “other public way,” they really are not “public.” Private shopping center parking lots exist for the benefit of the private owners. They only benefit the public to the extent the private owner wishes. The public may be invited into shopping center parking lots, but the private owners regulate to whom (e.g., customers only) and when the lots are available (e.g., during-store hours). The private owners may even ban certain members of the public (e.g., past shoplifters). These private rights can be exercised benevolently, selfishly, or arbitrarily, and are very different from the State’s obligation to regulate public highways in the public’s interest. A privately owned and controlled shopping center’s parking lot does not fit within the definition of a public highway. (People v Thew, 44 NY2d 681 [1978].)
In sum, the Legislature could, and probably should, have included parking lots within its prohibition for contemporaneous telephone and motor vehicle use, but by specifically limiting the statute to “public highways,” the Legislature excluded application of the statute to other locations, such as the parking lot in this case.
It is therefore ordered that the charge against defendant under Vehicle and Traffic Law § 1225-c (2) is dismissed.